Good morning everyone, I may have pleased the court. My name is Emanuel Kative of Sage Legal, LLC for the Pellin Superb Motors Inc. Team Auto Sales, LLC, and Robert Anthony Arrudia, who is present in the courtroom today. Noncompliance sanctions under Local Rule 33.1 are warranted for two separate reasons based on two motions. First, the day before the September 9th camp conference, which was supposed to be in person, the Deo defendants by both their counsel told the court, told the mediator, mediation office that they need to adjourn due to unspecified medical concerns. This was made in bad faith given that there were multiple reminders to all the parties about this conference and they could have been more diligent in seeking to adjourn it. Noncompliance sanctions are also warranted on the second motion because the Deo defendants submitted papers to the district court and to a state court justice in New York disclosing what occurred at a subsequent telephonic camp conference and making untrue statements about what occurred there. The rules are very clear that what occurs at a camp conference is not to be disclosed under any circumstances to anyone other than the mediator or in a subsequent camp order simply describing whether the case settled or not. The Deo defendants improperly disclosed what occurred at the camp conference and again untruthfully to both judges in order to sway their decisions about pending motions. The Deo defendants don't offer any basis supporting why they need to make these disclosures. The disclosures are not allowed under any circumstances and the Deo defendants fail to timely oppose the second motion. In fact, I believe for the first motion their opposition was by Thomason, Attorney Harry R. Thomason, who was not even admitted before this court. Their motion to file late papers must be denied. The disclosures were pretty limited. What was the harm? I understand what you're saying, that you're not supposed to disclose anything, but the disclosure was pretty limited. What was the harm? So the harm is many folds. First and foremost, we were deprived of an opportunity to settle the case by appearing in person. When parties appear in person, it's more likely that they can settle. The other harm. I'm talking about mentioning it in the state court proceeding. Yes, the harm in mentioning it in the state court proceeding is to paint the plaintiffs as obstinate and rigid and refusing to resolve it. And that's just not true. I'm not sure what liberties I have in discussing what occurred at the mediation, but I think I could be brief and say that we made an opening offer and we received a response back from the mediator saying this case is not going to settle. We're closing the mediation. We were prepared to move from that offer. We never got a response to our offer. And what's represented in these papers is just false, that we ended the mediation. It's just not true. I want to point out two items that the court should be aware of in the record. First, in the same state court action, just recently after this motion was filed, at NYSIF docket entry 137 and 618608-2023, in paragraph 13, the DO defendants made further disclosures about what occurred at the mediation. Again, not true. I want to point out that Mr. Erudia, who's here today for this appearance, was planning to appear in person on September 9th. Although his flight was refunded, he did incur a non-refundable $500 hotel fee. That's not in the record, but I wanted to at least state that. And then I want to point out that on May 9th, 2025, and this is in the record on appeal for this appeal at A1376, the DO defendants said they had no problem with selling the vehicles and placing them in escrow. Based on that representation made in open court, the need for this appeal could have been obviated. We don't need to brief this appeal if we can reach a resolution on that point. So it just bolsters our point that the representations they're making are false. It bolsters our point that we could avoid the need for this motion and this appeal if the parties simply got together and spoke to each other as the camp order required us to. And so I think for all those reasons, the sanctions are warranted at least in the court's discretion, but at least in the form of attorney's fees to be paid to the superb plaintiffs and appellants. And I would ask the court to consider requiring all the parties to appear for an in-person camp conference so that these issues can be decided amongst the parties instead of requiring these appeals. All right. Thank you. Thank you, Your Honor. All right. We'll hear from Mr. Benjamin. Good morning, Your Honors. Jeffrey Benjamin for the appellees. May it please the court. For the appellees, the Deo defendants. Good morning. I note to the court that Harry Thomason is here on the court as well. He's a pro se defendant. He was the attorney, the primary target of this motion. And I simply joined his papers when we were opposing it, and that's why I was dragged into this motion for sanctions against the two of us. So I'm in the position of defending at least what occurred at the camp conference and then what Mr. Thomason did later, both of which was absolutely non-sanctionable. Even the papers of the appellant point out that a motion for sanctions here under, I think it's frequently asked question number 34, are rare. These motions for sanctions are rare, and they're rare for a reason. Your Honors, I ask rhetorically, if somebody alleges a breach of confidentiality, don't they have to discuss at least what their right to confidentiality and what right was breached? We have a local rule that says information shared during a camp proceeding is confidential and is not included in court files or disclosed to judges of this court, except to the extent it's disclosed by an order. So we clearly think that camp proceedings are confidential, right? Certainly so, but what was the information? So if you're going to use it in a state court proceeding, you should ask for permission to do that, right? I'm sorry, I didn't hear the question. If you're going to use something that happened in the camp because you thought it was relevant to the state court proceeding or to the district court proceeding, the lawyer, you presume, would ask for permission to do that if there's a local rule suggesting that it should be confidential, right? The information, Your Honor, with respect, was the participation of the parties in the mediation. It was as to absolutely no substantive discussions before a prematurely discontinued mediation. I mean, isn't it for the camp mediator to, with respect to counsel's first argument, to decide whether a request for an adjournment is in bad faith? That was the first argument. Why, you know, obviously medical issues are a legitimate reason for an adjournment, but they suggest that it was pretty late. An email came in on the 8th, four hours later, you request an adjournment saying you have a critical medical appointment, but presumably that medical appointment didn't happen like that, right? Was that an emergency medical appointment that you scheduled all of a sudden or not? I believe it was, yes. I'm not going to, you know, of recent memory, but I don't see how the movement here has pointed to anything substantively confidential. I mean, I think that wasn't the reason for the rule to avoid, you know, an unfair advantage to lever a position. Even if you don't disclose something substantive, if you're suggesting one party's at fault, is responsible for the breakdown in settlement talks, that's, you know, that's not going into the details, but that's certainly trying to use that procedure in a way to their detriment. You know, you agree with that, right? If you go before a judge and say, look, it's not our fault, it's their fault. We had this camp proceeding. We, you know, we made an offer and they rejected it. Even if you don't say what the substance of the offer is, you're using the procedure to try to get an advantage in the litigation. I don't think that that was done at all when talking about simple participation in a mediation. It was not. What was the relevance of the participation in the state court if it was not for you to get some type of advantage? Why did you even bring it up? Because it was in answer to an argument over whether we should have gotten the adjournment and whether we asked for an adjournment in good faith. It wasn't as to anything substantive to create some kind of leverage with any, with a district court judge. No, I'm talking about the state proceeding. What was it brought up in the state proceeding? Again, I think what was disclosed, quote, unquote, was to the state court judge, Judge Murphy, was Mr. Thomason's participation in the camp conference. And I don't, and I think that's what he said in his affidavit, though, it was not, which I incorporated in mind. But again, I don't think that they've pointed to any substantive non-procedural issue that they were entitled to have a confidential.  All right. Thank you, Mr. Benjamin. Thank you. Does your side have any objection to participating in a camp conference at this point? No. No, absolutely not. Thank you. All right. Thank you.